```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       CHARLOTTE DIVISION
                        3:06CV200-MU-02
```

```
TORRENCE CAPREE MIMS,       )
     Plaintiff,             )
                            )
     v.                     )          ORDER
                            )
STATE OF NORTH CAROLINA;    )
  and                       )
RICK JACKSON, Supt.,        )
     Defendants.            )
_____)
```

**THIS MATTER** comes before the Court on the plaintiff's form civil rights Complaint under 42 U.S.C. §§1983, filed April 18, 2006. For the reasons stated herein, the plaintiff's action will be <u>dismissed</u> in its entirety.

As best as can be understood, the plaintiff is attempting to complain about certain circumstances which allegedly occurred in connection with his appeal of his criminal conviction(s). More particularly, the plaintiff complains that "the North Carolina Supreme Court abused its discretion in dismissing without comment [his] pro-se Petition for plain error review . . . ."

By way of relief, the plaintiff asks this Court to enter an Order "withdraw[ing] his plea of guilty and remand[ing his] cases to Orange County Superior Court with instructions to dismiss." Suffice it to say, however, that the instant Complaint must be dismissed, chiefly because this Court lacks the authority to

address the subject claim.

Indeed, it is apparent that the plaintiff is attempting to use this civil rights litigation to challenge the legality of his criminal conviction and/or sentence. However, it also is clear to the undersigned that the <u>Younger</u> abstention doctrine precludes this Court from interfering with what appears to be an on-going State Court criminal case. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971). To be sure, there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." <u>RF&P v. Forst</u>, 4 F.3d 244, 251 (4th Cir. 1993). Consequently, since the plaintiff has failed to articulate any facts which could support the finding of "extraordinary circumstances," this Court will abstain from interfering with the State court's criminal proceedings.

In the alternative, if the plaintiff's criminal case has been concluded, the Court finds that he still is not entitled to proceed with the instant civil rights litigation. Rather, the only way in which an individual can obtain federal review of his/her State court criminal litigation is through a properly filed petition for <u>habeas corpus</u> review under 28 U.S.C. §2254. Accordingly, this Complaint must be <u>dismissed</u>.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED**, ultimately for the plaintiff's failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Signed: May 2, 2006

*[signature]*

Graham C. Mullen
United States District Judge