```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                        CHARLOTTE DIVISION
                         3:06CV200-MU-02
```

| | |
|---|---|
| TORRENCE CAPREE MIMS,         )<br>       Plaintiff,          )<br>                               )<br>       v.                     )<br>                               )<br> STATE OF NORTH CAROLINA;      )<br>    and                        )<br> RICK JACKSON, Supt.,          )<br>       Defendants.            )<br> _____) | ORDER |

**THIS MATTER** comes before the Court on the plaintiff's "Motion For Reconsideration Pursuant To The Fed. Rules [Of] Civ. Procedure," filed May 9, 2006.

The record of this matter reflects that on April 18, 2006, the plaintiff filed a form civil rights Complaint under 42 U.S.C. §1983. However, rather than raising a constitutional challenge to the conditions of his confinement--or some other claim which is appropriate under §1983, the plaintiff's Complaint sought to challenge the legality of his State court convictions. Thus, this Court determined that such challenge was barred by the abstention doctrine. Moreover, the Court determined that the plaintiff was not entitled to attack his convictions in a civil rights proceeding in any event. Consequently, by Order filed May 2, 2006, this Court dismissed the plaintiff's Complaint.

Now, by the instant Motion, the plaintiff is asking the

Court to reconsider that dismissal, but his arguments still relate to the propriety of his criminal convictions.  That is, in support of the petitioner's Motion for Reconsideration, he argues: (1) the "prosecutor never presented any evidence linking plaintiff to any criminal activity"; (2) the "defense attorney failed to properly investigate case and advise possible defenses"; (3) the "prosecutor did threaten to seek the death penalty"; (4) "no reasonable jury would have found plaintiff guilty of any of the offenses, without evidentiary admissions"; and (5) "plaintiff, absent prosecutor's Brady violation, would have exercised his right to trial by jury."

Based upon the foregoing, it is more clear now than it was when the Court reviewed the plaintiff's Complaint that he is trying to seek habeas relief by way of this civil rights litigation.  However, the plaintiff has failed to demonstrate that his convictions have been vacated, reversed or otherwise set aside so as to justify his resort to this civil rights litigation.  Accordingly, the instant Motion for Reconsideration must be denied as meritless.

**SO ORDERED.**

Signed: May 17, 2006

Graham C. Mullen
United States District Judge